IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30744
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ANTHONY JONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(02-CR-39-ALL-A)
--------------------
March 19, 2003

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael Anthony Jones entered a conditional guilty plea to possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Jones appeals the district court's denial of his motion to suppress the firearm found during a warrantless search of the vehicle he was driving. Jones concedes that the New Orleans police officer's initial entry into the vehicle was lawful, but contends that the district court erred in crediting the testimony of the officer that he discovered the firearm accidentally after he entered the vehicle.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"In reviewing a district court's ruling on a motion to suppress, we review questions of law de novo, and accept the district court's factual findings unless they are clearly erroneous." United States v. Castro, 166 F.3d 728, 731 (5th Cir. 1999)(en banc). "[V]iew[ing] the relevant evidence in a light most favorable to the party that prevailed; in this case, the [G]overnment," the district court did not clearly err in relying on the officer's testimony and finding that the officer discovered the firearm accidentally. Id. The government witnesses "told a coherent and facially plausible story that [wa]s not contradicted by extrinsic evidence," and the district court's finding was "not internally inconsistent." Id. at 733; see also United States v. Gillyard, 261 F.3d 506, 509 (5th Cir. 2001) (upholding district court's denial of motion to suppress evidence from warrantless vehicle search based upon credibility assessment of testimony), cert. denied, 534 U.S. 1094 (2002). Therefore, the district court did not err when it denied the motion to suppress the admission of the firearm into evidence. See id.; see also Gillyard, 261 F.3d at 509.

Accordingly, the judgment of the district court is hereby AFFIRMED.